UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHAWN PETER AGARD, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> STEWART F. GROSSMAN, et al., ) <br> ) <br> Defendants. ) <br> ) | Civil Action No. <br> 17-11290-FDS |

## ORDER ON DEFENDANT GROSSMAN'S MOTION TO DISMISS

**SAYLOR, J.**

Although it is not entirely clear, it appears from the *pro se* complaint that there is one plaintiff in this action: Shawn Peter Agard.[1] On August 24, 2016, Agard filed a voluntary petition for chapter 7 bankruptcy in the United States Bankruptcy Court for the District of Massachusetts. *In re Agard*, Bankruptcy No. 16-13281-FJB (Bankr. D. Mass., Aug. 24, 2016). The bankruptcy court appointed Stewart Grossman as the chapter 7 trustee charged with administering the bankruptcy estate. *Id.* (Docket No. 8), Compl. ¶ 5. Agard filed the present action in the United States District Court for the District of Massachusetts on June 27, 2017, against Grossman and others.

Grossman has moved to dismiss the claims pleaded against him for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). Agard has not filed any opposition to that motion.

---

[1] The complaint also refers to a person named Garry Kerr as a plaintiff, but Kerr did not sign the *pro se* complaint, nor is he included on the caption.

As relevant here, the complaint alleges that, during the course of the bankruptcy proceedings, Grossman sold real property that Agard owned for less than the amount owed on the mortgage loan. Compl. ¶ 16. It alleges that Grossman engaged in other conduct in his capacity as trustee of the bankruptcy estate, including hiring a real estate broker to assist in selling that property. *Id.*

Under the *Barton* doctrine, before filing suit against a trustee for acts taken in his or her official capacity, a bankruptcy petitioner must obtain leave of the court by which the trustee was appointed. *Muratore v. Darr*, 375 F.3d 140, 143 (1st Cir. 2004); *Barton v. Barbour*, 104 U.S. 126, 136 (1881). Here, the complaint alleges that Grossman's conduct concerning the sale of the property was undertaken in his capacity as the bankruptcy trustee. The complaint does not allege that Agard sought or obtained leave of the bankruptcy court to file this action against Grossman.

Accordingly, the complaint is DISMISSED as to defendant Stewart Grossman.

**So Ordered.**

Dated: August 31, 2017

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge